# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CYNTHIA HOPSON, | Case No. 1:17-cv-00879-DAD-SAB |
|---|---|
| Plaintiff, | ORDER REQUIRING DANIEL MALAKAUSKAS TO SHOW CAUSE WHY MONETARY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO RESPOND TO NOVEMBER 16, 2017 ORDER TO SHOW CAUSE |
| v. | |
| RON SIMI, INC., et al. | |
| Defendants. | (ECF No. 10) |

On July 4, 2017, Plaintiff Cynthia Hopson filed this action alleging violations the Americans with Disabilities Act of 1990 and state law. ECF No. 1.) On July 5, 2017, the summonses and new case documents issued. (ECF Nos. 3, 4, 5.) The mandatory scheduling conference was set for September 26, 2017. (ECF No. 5.) Pursuant to the order setting the mandatory scheduling conference, Plaintiff was to diligently pursue service of the summons and complaint on the defendants in compliance with Rule 4 of the Federal Rules of Civil Procedure and promptly file proofs of service of the the summons and complaint. (Order Setting Mandatory Scheduling Conference at 1.) The parties were also required to file a joint scheduling report "one (1) full week prior to the Scheduling Conference." (Id. at 2.)

Plaintiff did not file notice of service of the summonses and complaint or file a joint scheduling conference prior to the scheduling conference as ordered. On September 20, 2017, an

1 order issued requiring Plaintiff to show cause why sanctions should not issue for the failure to
2 comply with the July 5, 2017 order. (ECF No. 7.) On September 21, 2017, Plaintiff filed a
3 request for continuance of the Rule 26 conference to allow Plaintiff to finalize service of process.
4 (ECF No. 8.)

On September 21, 2017, the Court discharged the order to show cause and granted the request to continue the scheduling conference. (ECF No. 9.) In discharging the order to show cause, the Court noted that Plaintiff had not responded to the order to show cause. (Id. at 1:20-21.) The order further stated

> counsel for Plaintiff is advised that orders are not mere suggestions to which the party may choose to respond. When the Court issues an order requiring an act by a date certain, the party is required to act. Counsel Daniel Joseph Malakauskas is hereby provided with notice that should there be future failures to respond to orders of this Court, monetary sanctions will issue without further notice.

(Id. at 1:25-2:2.) The order noted that this would "constitute prior notice for the imposition of future monetary sanctions for failure to comply with orders of this Court." (Id. at 2:10-12.) The scheduling conference was continued to November 21, 2017. (Id.)

Plaintiff did not file proof of service or a joint scheduling report seven days prior to the November 21, 2017 scheduling conference. On November 16, 2017, an order issued requiring Plaintiff to show cause within five days why this action should not be dismissed as a sanction for Plaintiff's failure to file proof of service and for failure to file a joint scheduling report in compliance with this Court's scheduling order. On November 19, 2017, Plaintiff filed a notice of voluntary dismissal but no response has been received to the order to show cause.

The Local Rules of the Eastern District of California ("L.R.") provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

///
///

Accordingly, IT IS HEREBY ORDERED that Daniel Malakauskas shall show cause in writing by November 27, 2017, why monetary sanctions should not issue for the failure to comply with the November 16, 2017 order.

IT IS SO ORDERED.

Dated: **November 22, 2017**

UNITED STATES MAGISTRATE JUDGE